## PARKER, Trustee, v. MONTPELIER CARRIAGE CO.

*(Circuit Court, D. Vermont. May 19, 1885.)*

PATENTS FOR INVENTIONS—BABY-CARRIAGE TOP—INFRINGEMENT.
    Re-issued patent No. 10,363, granted August 7, 1885, to Horatio G. Parker, trustee, for an improved baby-carriage top, *held* valid, and infringed by the device used by defendant; following *Parker* v. *Stow*, 23 FED. REP. 253.

In Equity.

*William C. Strawbridge*, for plaintiff.

*Hiram A. Huse*, for defendant.

WHEELER, J. This cause has been heard on a motion for a preliminary injunction to restrain an alleged infringement of reissued letters patent No. 10,363, granted August 7, 1883, to the plaintiff for an improvement in children's carriages. The same patent with another which expired February 11, 1885, was before the circuit court for the district of Massachusetts, upon a former reissue, in *Richardson* v. *Noyes,* 10 O. G. 507, S. C. 2 Bann. & A. 398; and in its present form was before the circuit court for the district of Connecticut in. *Parker* v. *Stow,* 23 FED. REP. 252. In the former case the plaintiff obtained a decree principally, apparently, upon the patent which has now expired; the court remarking (LOWELL, J.) that Richardson's patent, which was the one now in question, "must be restricted to the particular devices there specially described." The defendant relies upon this remark, and claims that the patent so restricted would not cover the alleged infringement, which is precisely the same as that adjudged to be an infringment in *Parker* v. *Stow.* The case of *Richardson* v. *Noyes* does not appear to have been before the court in *Parker* v. *Stow;* but if it had been, there is not so much discrepancy between them as to make it probable that the decision in the latter case would have been any different. The patent in the latter case appears to have been held valid for the particular devices for changing the position of the top of the carriage relatively to the child's head, rather than for a broad invention of a movable top for such a carriage. The devices of that defendant and this, vary from those particularly described in the patent only in the mode of fastening in position and in the place of the joint, and in each of these respects each appears to be an equivalent of the other, as appears to have been held in that case. The authority of that case is not weakened by the other case, and as it covers this case, both as to validity of the patent and infringement, the plaintiff appears to be entitled to a preliminary injunction as prayed for.

Motion granted.